Morris GREENSPAN and Bernard
Greenspan, as co-trustees for
Harry Greenspan, Plaintiffs,

v.

Norman BRASSLER, Maurice A. Brick, Charles Giller, Herbert E. Harper, Robert E. Holloway, Gordon McKinley, James R. Moseley, III, Peter E. Simon, Melvin S. Taub, Jack G. Taylor, Dallas S. Townsend, Jr., NJB Prime Investors, NJB Prime Advisors, Greater Jersey Bancorp and Prime Motor Inns, Inc., Defendants.

No. 77 Civ. 1573 (LFM).

United States District Court,
S. D. New York.

Feb. 14, 1978.

Ira Jay Sands, New York City, for plaintiffs; Ira Jay Sands and Malcolm S. Taub, New York City.

Morrison, Paul & Beiley, New York City, for NJB Prime Investors and Prime Motor Inns, Inc.; Benjamin Zelermyer and Edward Farman, New York City.

Reavis & McGrath, New York City, for NJB Prime Advisors and Greater Jersey Bancorp; Stephen R. Steinberg and K. Jane Fankhanel, New York City.

Sills, Beck, Cummis, Radin & Tischman, Newark, N. J., for Maurice A. Brick, Charles Giller, Robert E. Holloway, Gordon McKinley, James R. Moseley III, Peter E. Simon, Melvin S. Taub, Jack G. Taylor and Dallas S. Townsend, Jr.; Steven S. Radin, Jeffrey J. Greenbaum and Jerald D. Baranoff, and Morton S. Bunis, Newark, N. J., Bressler, Meislin & Lipsitz, New York City.

## OPINION

MacMAHON, District Judge.

Plaintiffs move for certification of this suit as a class action, Rule 23(c), Fed.R. Civ.P., and defendants cross-move for summary judgment. Rule 56(b), Fed.R.Civ.P.

This action was commenced by Morris and Bernard Greenspan, as co-trustees for their nephew. Plaintiffs also seek to represent those other persons, who, from January 12, 1973 through April 15, 1974, purchased shares of NJB Prime Investors (NJB), a real estate investment trust. The complaint alleges violations of Section 10(b) of the Securities Exchange Act of 1934[1] and of Rule 10b-5[2] by NJB, its trustees, the parents of its joint venturers, and its former advisor. Plaintiffs claim that, on December 21, 1973 and February 8, 1974, they purchased, in reliance on the market's integrity, NJB stock at prices inflated by the trust's fraudulent financial reports.

Plaintiffs specifically allege that NJB's reports for the fiscal year ended November 30, 1972 and for the first three quarters of 1973 failed to reflect the trust's inadequate loan loss reserves and failed to disclose that NJB was experiencing liquidity problems. They also allege that NJB concealed the existence of defaults on certain of its loans and that it failed to institute reporting and accounting provisions for increased interest expenses. These omissions and misrepresentations are claimed to have been part of a comprehensive "fraud on the market" conducted by defendants from January 12, 1973, the dissemination date of NJB's 1972 financial report, through April 15, 1974, the date on which partial disclosure of NJB's true financial condition was allegedly made.

■ Concluding that fact issues concerning reliance and materiality preclude our granting defendants' motion for summary judgment, we turn to plaintiffs' certification motion. Certification, which is sought under Rule 23(b)(3), Fed.R.Civ.P., is dependent on plaintiffs' proof that each of the requirements of Rule 23(a), Fed.R.Civ.P., has been met. *Fruchthandler v. Blakely,* 73 F.R.D .318 (S.D.N.Y.1976). We conclude

1. 15 U.S.C. § 78j(b).

2. 17 C.F.R. § 240.10b-5.

that plaintiffs[3] do not meet the requirements of Rule 23(a)(3) and (4), Fed.R. Civ.P.,[4] and consequently deny their motion without reaching their Rule 23(b)(3) arguments.

■ Plaintiffs' claims are not typical of those of the putative class. See Rule 23(a)(3), Fed.R.Civ.P. The Greenspans allege that they purchased their NJB stock in reliance on the integrity of the market and only after reading Standard and Poor's "tear sheets" based on the trust's challenged reports. Their third purchase of 200 shares of NJB on May 23, 1974, however, raises questions concerning the materiality to them of the market's integrity and defendants' alleged misrepresentations.[5] This third purchase, which is not mentioned in the complaint, was made after NJB had disclosed much of the information plaintiffs now allege should have been revealed in the financial reports and while the market price of NJB stock was near its nadir. There is evidence, moreover, that all of plaintiffs' purchases were made in reliance on their brother Noah's recommendation, rather than on their analysis of the market performance of the stock.[6]

■ Plaintiffs' possible reliance on another's expertise is sufficient to vitiate the typicality of their claims. *Trattner v. America Fletcher Mortgage Investors,* 74 F.R.D. 352 (S.D.Ind.1976). See *Blumenthal v. Great American Mortgage Investors,* 74 F.R.D. 508 (N.D.Ga.1976); *Mallinckrodt*

*Chem. Works v. Goldman, Sachs & Co.,* 420 F.Supp. 231 (S.D.N.Y.1976). See also Rule 23, Advisory Committee's Official Note, 39 F.R.D. 95, 103 (1966) ("[A] fraud case may be unsuited for treatment as a class action if there was material variation in the representations made or in the kinds or degrees of reliance by the persons to whom they were addressed.").

■ Furthermore, although the evidence is insufficient to compel summary judgment in defendants' favor, it does indicate that plaintiffs may be subject to defenses not applicable to other class members. Plaintiffs' third purchase and their possible reliance on Noah's recommendation raise issues qualitatively different from the questions of individual reliance inherent in a fraud on the market suit. See, *e. g., Green v. Wolf Corp.,* 406 F.2d 291 (2d Cir. 1968), *cert. denied,* 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969); *Mersay v. First Republic Corp.,* 43 F.R.D. 465 (S.D.N.Y.1968). Although those questions normally do not preclude certification, class status must be denied when, as here, the putative representative is subject to unique defenses that will unnecessarily prejudice the class's probability of success. *Koos v. First Nat'l Bank,* 496 F.2d 1162 (7th Cir. 1974); *Kraus v. Paterson Parchment Paper Co.,* 65 F.R.D. 368 (S.D.N.Y.1974). But see *Dorfman v. First Boston Corp.,* 62 F.R.D. 466 (E.D.Pa.1974).

■ Plaintiffs argue that questions of reliance are irrelevant to our certification

---

**3.** Plaintiffs' trustee status does not preclude their approval as class representatives. *State Teachers Retirement Bd. v. Fluor Corp.,* 73 F.R.D. 569 (S.D.N.Y.1976); *Seiden v. Nicholson,* 69 F.R.D. 681 (N.D.Ill.1976).

**4.** Plaintiffs have met the requirements of Rule 23(a)(1) and (2), Fed.R.Civ.P. Their claim that approximately 964,000 NJB shares were traded during the purported class period is a sufficient showing of numerosity, Rule 23(a)(1), to support at least conditional certification. See *Demarco v. Edens,* 390 F.2d 836 (2d Cir. 1968); *Trattner v. American Fletcher Mortgage Investors,* 74 F.R.D. 352 (S.D.Ind.1976); *Cannon v. Texas Gulf Sulphur Co.,* 53 F.R.D. 216 (S.D.N.Y.1971). Their allegations of a comprehensive "fraud on the market" satisfy the commonality requirement of Rule 23(a)(2). *Weiss v. Drew*

*Nat'l Corp.,* 71 F.R.D. 429 (S.D.N.Y.1976); *Werfel v. Kramarsky,* 61 F.R.D. 674 (S.D.N.Y. 1974).

**5.** The alleged omissions in NJB's financial reports are essentially misrepresentations of the trust's financial condition. *Lorber v. Beebe,* 407 F.Supp. 279 (S.D.N.Y.1975).

**6.** There is also evidence, see, *e. g.,* Noah Greenspan deposition at 107–108, that Noah, a professional investor with stockholdings in several real estate investment trusts, based his recommendation on a generalized faith in such trusts, rather than on the market's integrity. Cf. *Sargent v. Genesco, Inc.,* 75 F.R.D. 79 (M.D.Fla. 1977) (recommendation was merely reiteration of alleged misrepresentations).

decision because proof of reliance is not a prerequisite to recovery in a Section 10(b) action.[7] Proof of reliance on particular misrepresentations is indeed unnecessary in a case grounded on an alleged "comprehensive scheme to defraud." *Competitive Associates, Inc. v. Laventhol, Krekstein, Horwath & Horwath,* 516 F.2d 811 (2d Cir. 1975); *Blackie v. Barrack,* 524 F.2d 891 (9th Cir. 1975), *cert. denied,* 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976). Reliance is presumed here upon plaintiffs' prima facie showing of a "fraud on the market." *Sargent v. Genesco, Inc.,* 75 F.R.D. 79 (M.D.Fla. 1977). Defendants, however, can rebut this presumption, *Sargent v. Genesco, Inc., supra,* with proof that the market's integrity and the alleged misrepresentations were not material to plaintiffs or that they relied primarily on another source. *Titan Group, Inc. v. Faggen,* 513 F.2d 234 (2d Cir.), *cert. denied,* 423 U.S. 840, 96 S.Ct. 70, 46 L.Ed.2d 59 (1975); *Mallinckrodt Chem. Works v. Goldman, Sachs & Co., supra.* See *Blackie v. Barrack, supra.* Questions of reliance are thus relevant to plaintiffs' recovery in this action, *Lorber v. Beebe,* 407 F.Supp. 279 (S.D.N.Y.1975), and to our certification decision.

The second ground for our denial of certification is that plaintiffs cannot "fairly and adequately protect the interests of the class." Rule 23(a)(4), Fed.R.Civ.P. Although we perhaps would be justified in denying plaintiffs' motion on the basis of their lead counsel's conduct of this litigation and other actions,[8] we do not at this time

decide whether he is "qualified, experienced and generally able to conduct the proposed litigation." *Eisen v. Carlisle & Jacquelin,* 391 F.2d 555, 562 (2d Cir. 1968). See *Phillips v. Tobin,* 548 F.2d 408 (2d Cir. 1976).

Rather, we determine that plaintiffs are not the effective representative parties required by Rule 23(a)(4):

"The class is entitled to more than blind reliance upon even competent counsel by uninterested and inexperienced representatives. A proper representative can offer more to the prosecution of a class action than mere fulfillment of the procedural requirements of Rule 23. He can, for example, offer his personal knowledge of the factual circumstances, and aid in rendering decisions on practical and nonlegal problems which arise during the course of litigation. An attorney who prosecutes a class action with unfettered discretion becomes, in fact, the representative of the class. This is an unacceptable situation because of the possible conflicts of interest involved."

*In re Goldchip Funding Co.,* 61 F.R.D. 592 (M.D.Pa.1974).

Although plaintiffs appear willing and able to bear the costs of this litigation,[9] they have demonstrated an alarming unfamiliarity with the suit. They did not meet with their attorney until the basic groundwork of the action had been laid.[10] Neither could identify any of the defendants other than NJB.[11] Neither was aware of certain elements of the complaint.[12] Indeed, plain-

---

**7.** Plaintiffs ground this argument on *Affiliated Ute Citizens v. United States,* 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972). *Affiliated Ute Citizens,* however, held only that, in a Section 10(b) suit based primarily on omissions, proof of an "obligation to disclose and [the] withholding of a material fact establish[es] the requisite element of causation in fact." *Affiliated Ute Citizens v. United States, supra,* 406 U.S. at 154, 92 S.Ct. at 1472.

**8.** See Noah Greenspan deposition at 4–9, 138–142, and *Cohen v. Franchard Corp.,* 478 F.2d 115 (2d Cir. 1973); *Rogosin v. Steadman,* 71 F.R.D. 514 (S.D.N.Y.1976); *Tomkin v. Kaysen,* 69 F.R.D. 541 (S.D.N.Y.1976); *In re Four Seasons Securities Laws Litigation,* 59 F.R.D. 657 (W.D.Okl.1973); *Taub v. Glickman,* (1970–1971

Transfer Binder) Sec.L.Rep. (CCH) para. 92,874 (S.D.N.Y.1970); *Korn v. Franchard Corp.,* 50 F.R.D. 57 (S.D.N.Y.1970), *rev'd on other grounds,* 456 F.2d 1206 (2d Cir. 1972).

**9.** See Morris Greenspan deposition at 129–133, and Bernard Greenspan deposition at 59–60, 66–68.

**10.** Bernard Greenspan deposition at 87; Morris Greenspan deposition at 151.

**11.** Morris Greenspan deposition at 237–241; Bernard Greenspan deposition at 166, 181–183.

**12.** Morris Greenspan deposition at 209–210; Bernard Greenspan deposition at 156.

tiffs appear to place undue emphasis on their counsel's ability to conduct the litigation.[13] Plaintiffs' limited personal knowledge of the facts underlying this suit,[14] as well as their apparently superfluous role in this litigation to date, indicate their inadequacy as class representatives. *Seiden v. Nicholson,* 69 F.R.D. 681 (N.D.Ill.1976). See *Tomkin v. Kaysen,* 69 F.R.D. 541 (S.D.N.Y. 1976). But see *Fischer v. International Telephone & Telegraph Corp.,* 72 F.R.D. 170 (E.D.N.Y.1976).

Accordingly, plaintiffs' motion for class certification and defendants' motion for summary judgment are denied.[15]

SO ORDERED.

---

**13.** Morris Greenspan deposition at 220.

**14.** See also Bernard Greenspan deposition at 17, and Morris Greenspan deposition at 207–208.

**15.** We are, of course, aware that certification motions in securities actions are to be treated liberally, see *Korn v. Franchard Corp., supra,* but plaintiffs do not meet the requirements of Rule 23(a)(3) and (4). Our denial of the motion does not preclude a suitable class member from seeking certification and representative status. See *Brick v. CPC Int'l, Inc.,* 547 F.2d 185 (2d Cir. 1976).