John BRADY and Donald J. Robertson, Plaintiffs,

v.

LAC, INC., et al., Defendants.

No. 75 Civ. 1700.

United States District Court, S. D. New York.

June 29, 1976.

Pomerantz, Levy, Haudek & Block, New York City, for plaintiffs; Richard M. Meyer and Stanley Grossman, New York City, of counsel.

Lunney & Crocco, New York City, for defendant LAC, Inc.

Sidney Kramer, New York City, for defendant Rollin F. Perry.

Willkie, Farr & Gallagher, New York City, for defendants A. P. Montgomery & Co. and Richard S. Friedman; Michael B. Targoff and Richard L. Feller, New York City, of counsel.

Marshall, Bratter, Greene, Allison & Tucker, New York City, for defendants Torpie & Saltzman, Inc.; Charles H. Miller, Daniel S. Greenfeld and Paul A. Feigenbaum, New York City, of counsel.

Ballon, Stoll & Itzler, New York City, for defendants James V. Torpie and David I. Saltzman; Matthew F. Sarnell and Herbert Bernstein, New York City, of counsel.

Brown, Wood, Ivey, Mitchell & Petty, New York City, for defendant Mitchum, Jones & Templeton, Inc.; E. Michael Bradley, Thomas J. Mullaney, Henry F. Minnerop and Duncan N. Darrow, New York City, of counsel.

Simpson, Thacher & Bartlett, New York City, for defendant Sterling Grace & Co., Inc.; John R. Cannell and James J. Haugh, New York City, of counsel.

Samuel Beck, New York City, for defendant Pitfield Mackay & Co., Inc.

Skadden, Arps, Slate, Meagher & Flom, New York City, for defendant Henry F. Swift & Co.; Michael W. Mitchell and Douglas M. Kraus, New York City, of counsel.

## OPINION

BONSAL, District Judge.

Plaintiff John Brady ("Brady"), an alleged purchaser of securities of SaCom, a California corporation specializing in the development and manufacturing of electronic equipment for the communications and public safety markets, brings this action on behalf of all purchasers of securities of SaCom during the period from February 1, 1972 to May 1, 1973 alleging a scheme, joined in by all defendants who are broker-dealer firms or principal officers of the firms, to distribute the common stock of

SaCom at artificially inflated prices in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act of 1934"), 15 U.S.C. § 78j(b) and Rules 10b-5 and 10b-6 thereunder, 17 C.F.R. §§ 10b-5, 10b-6.[1] The action arises out of the various alleged acts of the defendants in connection with the public offering of 200,000 shares of common stock of SaCom on - October 31, 1972 and the subsequent trading in SaCom stock. In particular, Brady alleges that the defendants violated the Exchange Act of 1934 by artificially inflating the price of SaCom securities through the dissemination of false and misleading information in the registration statement which became effective October 31, 1972; the publication of artificial price quotations in the inter-dealer quotation media or "pink sheets"; the bidding for and purchasing of SaCom stock during the distribution; the withholding of material information concerning SaCom's actual and projected sales and earnings, merger and acquisition negotiations; and the manipulation of the market in SaCom securities (*See* Complaint ¶¶ 18–25). Named defendants include LAC, Inc. ("LAC"), Rollin F. Perry ("Perry"), A. P. Montgomery & Co., Inc. ("Montgomery"), Richard S. Friedman ("Friedman"), Torpie & Saltzman, Inc., James V. Torpie, David I. Saltzman, NDF Securities, Inc., Mitchum, Jones & Templeton, Inc., Sterling Grace & Co., Inc., Pitfield Mackay & Co., Inc., Mack Bushnell & Edelman, Inc., and Henry F. Swift & Co. ("Swift").

Brady has moved pursuant to Fed.R. Civ.P. 23(c)(1) and Local Rule 11A for an order certifying this action as a class action. By stipulation filed November 19, 1975, the parties consented to the intervention of Don J. Robertson ("Robertson") as a party plaintiff. It was further agreed that Brady's motion for class certification would be deemed to have been made on behalf of both plaintiffs.

The defendants oppose the motion for certification as a class action and defendants Montgomery and Friedman move pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6) for an order dismissing the complaint for failure to aver the circumstances of fraud with the requisite particularity or, in the alternative, for an order pursuant to Fed.R.Civ.P. 12(c) directing the plaintiffs to serve and file a more definite statement.

### Motion for Class Certification

Plaintiffs move for certification of the action as a class action on the grounds that there are questions of law and fact which are common to all class members and because the number of persons constituting the class is so large that joinder of all of them would be impracticable. Plaintiffs contend that the common questions of law and fact are the duty owed by the defendants to members of the class; the manipulation of the market in SaCom securities; the publication of artificial quotations in the "pink sheets"; the dissemination of false and misleading representations; the purchasing of stock during the distribution; the withholding of material information concerning SaCom's financial condition; and the market impact of defendants' activities. In essence, plaintiffs contend that the defendants engaged in a single unitary scheme or conspiracy to sell worthless SaCom stock by employing various devices in violation of the federal securities laws. In their supporting papers, plaintiffs refer to a proceeding brought by the Securities and Exchange Commission alleging similar violations against all the defendants. (*See* Exhibit A attached to Affidavit of Richard M. Meyer dated July 8, 1975).[2] Plaintiffs submit that they personally relied upon the market price of SaCom securities in making their purchases, that the market price was manipulated by the defendants, that they

---

**1.** The complaint also alleges violations of Section 15(c)(2) of the Exchange Act of 1934 and Rule 15c–7 thereunder.

**2.** Consent decrees were entered into between the Securities and Exchange Commission and

all of the named defendants except Mitchum, Jones & Templeton. *See* Exhibits A–E attached to Affidavit of Richard M. Meyer dated March 2, 1976.

are victims of defendants' illegal scheme, and, as such, that they are adequate representatives of the purported class of purchasers of SaCom securities from February 1, 1972 to May 1, 1973.

The defendants oppose the motion for certification on the grounds that plaintiffs are not the appropriate representatives of the purported class. In particular, the defendants contend that Brady was not a purchaser of SaCom common stock and therefore has no standing to maintain this action; that because of the unique facts surrounding Brady's alleged "purchase" of SaCom common stock Brady is atypical of the members of the purported class; that Brady does not expect to bear the costs of maintaining this action on behalf of the purported class; and that because of the foregoing disabilities, defendants would be deprived of the effect of *res judicata* if judgment is in their favor and Brady is the representative of the class.

Defendants raise similar objections to Robertson as the class representative and contend that Robertson was induced to purchase SaCom stock through the oral representations of defendant Perry, the president of LAC's corporate finance department, and that oral representations are insufficient to sustain a class action. *Felton v. Walston & Co.,* CCH Fed.Sec.L.Rep., ¶ 95,320 (S.D.N.Y.1975). Moreover, defendants contend that common questions of law and fact do not predominate and that class certification is inappropriate.

Defendants also contend that the purported class consists of several subclasses with separate and distinct interests which cannot be represented adequately by plaintiffs. Defendant Swift, for instance, contends that its sole activity in connection with SaCom stock was its participation as a junior member of an underwriting syndicate headed by Laidlaw & Co., Inc., predecessor of defendant LAC, in connection with the public offering of SaCom common stock on October 31, 1972. Consequently, Swift contends that the action may be maintained as a class action against Swift only on behalf of a subclass consisting of persons who purchased SaCom stock pursuant to the public offering of October 31, 1972.

Defendants Montgomery and Friedman further contend that plaintiffs' complaint is insufficient to support the allegations of fraud against them and that class action status should not be granted.

■ Since plaintiffs seek certification of their class action under Fed.R.Civ.P. 23(b)(3), they must fulfill the four requirements of Rule 23(a). in addition to the requirements of Rule 23(b)(3).[3] *Eisen v. Carlisle & Jacquelin,* 391 F.2d 555 (2d Cir. 1968); *Aboudi v. Daroff,* 65 F.R.D. 388 (S.D.N.Y.1974).

The first requirement of Rule 23(a) may be met by a showing that the class is sufficiently numerous so that joinder is impracticable. *See Korn v. Franchard Corp.,* 456 F.2d 1206 (2d Cir. 1972); *Fischer v. Kletz,*

---

**3.** Rules 23(a) and (b)(3) provide:

"(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

"(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

\*   \*   \*   \*   \*   \*

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of the members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."

41 F.R.D. 377 (S.D.N.Y.1966). Here, the plaintiffs contend that over 1,300,000 shares of SaCom were outstanding and were being traded in the over-the-counter market when the price of SaCom securities was artificially inflated and the securities were illegally distributed and sold as a result of defendants' illegal activities. Plaintiffs have defined the class as all persons who purchased securities of SaCom during the period from February 1, 1972 to May 1, 1973, and contend that the number runs into the hundreds. Defendants, on the other hand, contend that any alleged class should be divided into subclasses so as to reflect accurately the alleged participation by defendants in the various deceptive practices.

■ Without the benefit of further discovery, the Court finds that a division of the alleged class into subclasses is neither appropriate nor practical. Furthermore, it appears that most of the alleged deceptive and fraudulent practices occurred in and around the time of the public offering of SaCom common stock on October 31, 1972. However, even if the class were to be defined as beginning on October 31, 1972, plaintiffs have demonstrated by the number of shares outstanding and being traded, that the class would number in the hundreds so that joinder would be impracticable. Accordingly, the Court finds that plaintiffs have satisfied the initial requirement of Rule 23(a).

■ As to the second requirement that there be questions of law or fact common to the class, plaintiffs contend that the defendants employed various devices as part of a scheme to manipulate the price of SaCom securities, including the purchase of shares for discretionary accounts maintained principally by LAC. Plaintiffs contend that the nature of the alleged violation, a conspiracy among the defendants to manipulate the price of SaCom securities, is a sufficient basis for the Court to find common questions of law and fact, particularly where the alleged practices resulted in a fraud on the market. Moreover, plaintiffs contend that certification of this action as a class action will avoid multiplicity of lawsuits based on a common wrong and will thereby promote judicial economy. *See Escott v. Barchris Construction Corp.*, 340 F.2d 731 (2d Cir.) *cert. denied*, 382 U.S. 816, 86 S.Ct. 37, 15 L.Ed.2d 63 (1965); *Green v. Wolf Corp.*, 406 F.2d 291 (2d Cir. 1968), *cert. denied*, 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969).

Here, the plaintiffs allege a wide variety of manipulative and fraudulent devices purportedly designed to create a false market in SaCom securities resulting in an inflated price for SaCom stock. Undoubtedly, plaintiffs' alleged claims raise individual issues not common to all members of the class, such as the unauthorized purchase of SaCom securities for discretionary trading accounts, and the purchase of SaCom stock from broker-dealers on the basis of oral representations. However, in view of the theory of plaintiffs' case and in view of the fact that the alleged deceptive practices were engaged in simultaneously by more than one defendant, the Court finds that plaintiffs' complaint alleges sufficient questions of law and fact common to purchasers of SaCom securities so as to satisfy the second requirement of Rule 23(a). *See Siegel v. Realty Equities Corporation of New York*, 54 F.R.D. 420 (S.D.N.Y.1972); *Reeder v. Mastercraft Electronics Corp.*, 363 F.Supp. 574 (S.D.N.Y.1973); Advisory Committee's Note to New Rule 23, 39 F.R.D. 69, 103 (1966).

■ Similarly, with respect to the third requirement of Rule 23(a), namely, that the claims or defenses of the representative parties are typical of the claims or defenses of the class, plaintiffs contend that they are victims of defendants' fraudulent course of conduct and, since they have claims for the damages which they suffered as a result of defendants' conduct, their claims are typical of the members of the class.

Defendants, on the other hand, contend that Brady's claim is atypical because he merely alleges that over $30,000 was taken from his account at Laidlaw & Co. and used to purchase SaCom stock without his authorization. While this type of claim has little to do with the other allegations of misrep-

resentation, omissions, and market manipulations, it is one of the devices allegedly employed in the conspiracy among the defendants to sell SaCom stock at inflated prices.

Nevertheless, on the basis of the papers submitted, it appears that Brady did not purchase his shares of SaCom common stock until November 13, 1972, approximately two weeks after the public offering of 200,000 shares of SaCom stock on October 31, 1972, and that the shares were purchased through the means of a discretionary account allegedly maintained by Brady at Laidlaw & Co., predecessor of LAC.[4] While it appears that Laidlaw & Co. placed many of the unsold common shares from the public offering into its customers' discretionary accounts, it is not clear from the papers submitted that such activity occurred prior to the public offering on October 31, 1972. Consequently, Brady's claims, as alleged, appear to be representative of purchasers of SaCom securities only after the public offering on October 31, 1972.

Moreover, it appears that plaintiff Robertson purchased 4,000 shares of SaCom common stock sometime in October 1972 after a phone conversation with defendant Perry and after reviewing the prospectus relating to the October 31, 1972 public offering. Here, too, Robertson's claims, as alleged, appear to be representative of those purchasers of SaCom stock at the time of the public offering on October 31, 1972.

Thus, on the facts elicited, plaintiffs' claims are representative only as to purchasers of SaCom securities from October 31, 1972, the effective date of the registration statement covering the public offering of 200,000 shares of SaCom common stock,

to the end of the alleged class period, May 1, 1973.

■ While defendants contend that plaintiffs are not financially committed to pursue this litigation vigorously and thus will not protect adequately the interests of the class, the Court finds these contentions without merit. Both plaintiffs have indicated through affidavits and at oral depositions that they intend to pursue this litigation, and the Court finds that plaintiffs' retained counsel are well qualified to represent the interests of the class at trial. Therefore, the Court finds that the requirements of Rule 23(a) have been satisfied.

■ In a class action brought under Rule 23(b)(3), the common questions of law and fact must predominate over individual questions. Fed.R.Civ.P. 23(b)(3). Here, the plaintiffs allege a conspiracy to manipulate the price of SaCom stock through various deceptive devices. While there are certain individual claims raised in this action such as claims against individual broker-dealers for misrepresentation, the Court finds at this time that the individual questions do not outweigh the significance of the common questions presented in the plaintiffs' complaint.

"[O]ne of the primary functions of the class suit is to provide 'a device for vindicating claims which, taken individually, are too small to justify legal action but which are of significant size if taken as a group.' . . . Individual claimants who may initially be reluctant to commence legal proceedings may later join in a class suit, once they are assured that a forum has been provided for the litigation of their claims. . . . But to dismiss a class suit in its incipiency before

4. Defendants contend that Brady is not a "purchaser" within the meaning of the Securities Exchange Act of 1934 and thus does not have standing to sue. However, the papers submitted indicate that Brady signed an authorization form giving defendant Perry the discretion to trade his account. *See* Exhibit C attached to Affidavit of James J. Haugh dated July 9, 1975.

While Brady contends that he believed the form he signed was an authorization to open a margin account and not a discretionary

account, the Court finds that Brady did not repudiate the transaction in question once he was informed of the purchase. Moreover, the parties have stipulated to the intervention of Robertson as a party plaintiff and, since Robertson is alleged to be a purchaser of SaCom securities, the class would appear to have a representative with standing to sue. *See McCausland v. Shareholders Management Co.,* 52 F.R.D. 521 (S.D.N.Y.1971).

claimants have been given an effective opportunity to join would be a disservice to the class action as envisioned in the new rule. Indeed, we hold that the new rule should be given a liberal rather than a restrictive interpretation, . . . and that the dismissal *in limine* of a particular proceeding as not a proper class action is justified only by a clear showing to that effect and after a proper appraisal of all factors enumerated on the face of the rule itself." *Eisen v. Carlisle & Jacquelin, supra* at 563.

■ However, should it appear later that individual issues become more significant than the common questions of law and fact, the Court may alter or amend its order before a decision on the merits. Fed.R. Civ.P. 23(c)(1); *See Aboudi v. Daroff, supra.*

■ It is also apparent that in actions such as the one here, where a large number of individuals may have been injured but no one individual may have been injured sufficiently to induce him to institute a suit on his own behalf, the class action device is a superior means for adjudication of the controversy. *Green v. Wolf, supra; Dolgow v. Anderson,* 43 F.R.D. 472 (E.D.N.Y.1968). In addition, the Court does not anticipate any unusual difficulties that would make the class action unmanageable in this case.

Accordingly, the Court conditionally certifies this action as a class action on behalf of all purchasers of SaCom securities from October 31, 1972 to May 1, 1973 without prejudice to claims and defenses which may be raised by defendants upon further discovery.[5]

### Motion to Dismiss

Defendants Montgomery and Friedman move for an order pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6) dismissing the complaint for failure to allege fraud with the requisite particularity, or, in the alternative, for an order directing the plaintiffs to serve and file a more definite statement. In particu-

lar, Montgomery and Friedman contend that the complaint alleges an arrangement among Montgomery, Friedman, LAC and Perry to insert price quotations for SaCom stock in the "pink sheets", but that such an arrangement is alleged to be neither improper nor fraudulent. Moreover, Montgomery and Friedman contend that there is no specific allegation of fraudulent conduct in which they acted as participants or as aiders and abettors, and that all of plaintiffs' allegations of fraud are made on information and belief.

Plaintiffs, on the other hand, contend that the alleged fictitious quotation arrangement among the defendants was a violation of the Exchange Act of 1934 and rules thereunder (Section 15(c)(2) and Rule 15c2–7), and that such conduct was fraudulent.

■ Here, plaintiffs allege a conspiracy among certain broker-dealers who participated in an illegal distribution of SaCom securities through a variety of manipulative devices including the insertion of false quotations in the "pink sheets." The "particularity" requirement of Fed.R.Civ.P. 9(b) may be satisfied where " . . . the allegations are accompanied by a statement of the facts upon which the belief is founded." *Schlick v. Penn-Dixie Cement Corp.,* 507 F.2d 374, 379 (2d Cir. 1974), *cert. denied,* 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975).

■ Plaintiffs have outlined an alleged course of fraudulent conduct among the defendants, including the insertion of false quotations in the "pink sheets" so that Montgomery and Friedman cannot contend that they are unapprised of the nature of the claims against them. Moreover, many of the matters alleged in the complaint are peculiarly within the defendants' knowledge. Since Rule 9(b) must be construed in conjunction with Rule 8 which requires a short and concise statement of claims, *Felton v. Walston & Co.,* 508 F.2d 577 (2d Cir. 1974), the Court finds, at this time, that

---

5. The Court's conditional order of class certification is made without prejudice to defendants'

claims that the class consists of several subclasses as to individual defendants.

plaintiffs have satisfied the pleading requirements of Rule 9(b) as to defendants Montgomery and Friedman.

Accordingly, Montgomery and Friedman's motion to dismiss the complaint is denied.

It is so ordered.

