Alexander WILSON, individually and as representative of all minority shareholders of Chenango Industries, Inc., other than defendants on and before October 18, 1979, Plaintiff,

v.

GREAT AMERICAN INDUSTRIES, INC., as a corporate entity and as a sole shareholder of Chenango Industries, Inc., Milton Koffman, Burton I. Koffman, Richard E. Koffman, as directors of Great American Industries, Inc., Chenango Industries, Inc., Joseph M. Stack as the representative of Chenango Industries in the merger between Chenango and Great American Industries, and Gary Crounse, David Dyer, William Starner and Anthony Mincolla as directors of Chenango Industries, Inc., Defendants.

No. 80-CV-841.

United States District Court,
N. D. New York.

March 12, 1982.

Coughlin & Gerhart, Binghamton, N. Y., for plaintiffs; Peter H. Bouman, Richard Mertens, Binghamton, N. Y., of counsel.

Schwab & Hudanich, Binghamton, N. Y., for defendants Milton Koffman, Burton I. Koffman, Richard E. Koffman and Great American Industries; Manuel R. Schwab, Binghamton, N. Y., of counsel.

Beveridge & Diamond, Washington, D. C., for defendants; John N. Hanson, John S. Guttmann, Washington, D. C., of counsel.

Hancock, Estabrook, Ryan, Shove & Hust, Syracuse, N. Y., for Chenango defendants.

## MEMORANDUM–DECISION AND ORDER

McCURN, District Judge.

This lawsuit stems from the merger between Chenango Industries, Inc. ("Chenango") and Great American Industries, Inc., ("GAI") in October 1979. As a result of the merger, Chenango became a wholly-owned subsidiary of GAI. Plaintiff, a minority shareholder in Chenango prior to the merger, alleges that he and other minority shareholders were defrauded in the sale or exchange of their Chenango stock by means of a misleading and incomplete joint proxy statement and prospectus issued by the defendant corporations and certain of their directors and officers in connection with the merger. Plaintiff claims that by virtue of these materials misrepresentations and omissions, the defendants have committed acts in violation of §§ 10(b), 14(a) and 18(a) of the Securities Exchange Act of 1934, § 12 of the Securities Exchange Act of 1933, and the common law of New York.

This matter is now before the Court on plaintiff's motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to represent a class defined to include all minority shareholders of Chenango, with the exception of the named defendants, who held Chenango stock at the time of the merger. Plaintiff asserts that the proposed class would include about 259 members, all of whom, it is alleged, received the proxy statement at issue here. The terms of the merger provided that Chenango stock would be converted into GAI securities, cash at $4.00 per share or, if the shareholder owned fewer than 110 shares of Chenango stock, he could elect to cash in that stock at $5.00 per share.

Both the Chenango defendants and the GAI defendants oppose class certification, primarily upon the ground that plaintiff is not an adequate class representative, but is motivated by a personal grudge against certain of the defendants. These defendants also request the Court to order a pre-certification notice to the absent members of the proposed class in order to solicit their views on the certification question.

For the reasons discussed below, the Court grants plaintiff's motion for class certification.

## DISCUSSION

A. Requirements of Rule 23(a)

In order to qualify for class certification, all the requirements of Rule 23(a) must be met. Rule 23(a) reads:

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interest of the class.

Rule 23(a), Fed.R.Civ.P. We will consider each of these four prerequisites in order.

*Numerosity.* Plaintiff seeks to represent a class made up of all Chenango Industries

shareholders at the time of the merger except the named defendants. Plaintiff alleges that this class consists of 259 individuals, and defendants do not contest the accuracy of this figure. Thus, the numerosity requirement is satisfied. *See Korn v. Franchard Corp.*, 456 F.2d 1206 (2d Cir. 1972).

*Commonality.* Common questions of law and fact are obviously presented in an action based upon a single allegedly misleading document. The larger question is whether these questions predominate, as required by Rule 23(b)(3). If common questions of law and fact predominate so as to satisfy Rule 23(b)(3), then Rule 23(a)(2) is certainly satisfied.

*Typicality.* Plaintiff has satisfied Rule 23(a)(3) if the claims or defenses of the representatives and class members stem from a single event, or, are based on the same legal theory. *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830 (8th Cir. 1977) *cert. denied*, 434 U.S. 856, 98 S.Ct. 177, 54 L.Ed.2d 128 (1977); *Oneida Indian Nation of Wisconsin v. State of New York*, 85 F.R.D. 701, 705 (N.D.N.Y.1980). We are satisfied that the claims presented in this case are typical of the claims that would be asserted by individual class members. Therefore, the requirements of Rule 23(a)(3) have been met.

*Adequacy of Representation.* The fourth part of Rule 23(a) requires a finding that the parties will fairly and adequately represent the interests of the class. Defendants argue that neither plaintiff Wilson nor his attorney can adequately represent the proposed class. They argue that Wilson is motivated by a personal animus against certain of the defendants; that Wilson seeks a form of relief inimical to. the interests of the class; and that Wilson's counsel may not represent the class because he earlier represented individuals seeking appraisal under state law. For the reasons discussed below, we find these arguments unpersuasive.

Both defendant groups argue that plaintiff Wilson is motivated by a grudge against the Koffmans, who are named as part of the GAI group of defendants. This argument is supported by a heavily edited version of three of Mr. Wilson's responses to questions presented during the course of his April 29, 1981 Deposition. Based upon a reading of the deposition in its entirety, this Court is not convinced that Mr. Wilson's testimony shows such a strong personal animus against the Koffmans that Wilson is unable to adequately represent the class. In our system of justice, based on adverse parties advancing their claims, a certain animosity between plaintiffs and defendants is to be expected.

One of the cases put forward by the defendants, *Maynard, Merel & Co. v. Carcioppolo*, 51 F.R.D. 273 (S.D.N.Y.1970), illustrates a denial of class certification where personal animus was a factor. In *Maynard*, the plaintiff seeking class certification was alleged to have said: "I don't care about the public . . . I have a special axe to grind with Sal [Carcioppolo] and Chuck [Davis]. If I don't get satisfaction I'll stop the deal and satisfaction with me is money. It's as simple as that." *Id.* at 278. This statement shows personal animus far more clearly than anything Mr. Wilson has said about the Koffman defendants. The other cases on which defendants rely, are also dissimilar to the facts in this record.

Defendants also argue that plaintiff cannot serve as a class representative because he seeks a remedy—recision—that is contrary to the interests of other class members. The defendants argue that the minority shareholders received a benefit in the form of a more marketable stock when they exchanged their shares of Chenango common for convertible GAI securities. This benefit, they argue, would be lost if the Court ordered the merger rescinded. The defendants seek to pose a dilemma. They say that if plaintiff pursues the remedy of recision, he is acting against the interests of the class and therefore cannot be allowed to represent it; if he does not seek recision, a form of relief he has requested, then he is failing to meet his duty as an advocate for the class, and for reason cannot represent the class. The Court applauds this effort at sophistry, almost worthy of Gorgias himself; but we are not convinced by it.

■ We first note that the power to fashion a remedy lies with the court. The court, if it finds a violation of the federal securities laws, "should be alert to provide such remedies as are necessary to make effective the congressional purpose..." *J. I. Case Co. v. Borak*, 377 U.S. 426, 433, 84 S.Ct. 1555, 1560, 12 L.Ed.2d 423 (1964). "Possible forms of relief will include setting aside the merger or granting other equitable relief ..." *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 386, 90 S.Ct. 616, 622, 24 L.Ed.2d 593 (1969). In light of this power of the court, and the preliminary stage of this proceeding, we think that defendants make too much of plaintiff's request for recision, which is put forward as one part of a request for relief that is phrased in the alternative.

The cases cited by defendants, the most germane of which are *Maynard, Merel & Co. v. Carcioppolo*, 51 F.R.D. 273 (S.D.N.Y. 1970); *Guttmann v. Braemer*, 51 F.R.D. 537 (S.D.N.Y.1970); *Robinson v. Penn Central Company*, 58 F.R.D. 436 (S.D.N.Y.1973); and *William Penn Management Corp. v. Provident Fund for Income, Inc.*, 68 F.R.D. 456 (E.D.Pa.1975), do not provide strong support for defendants' argument on this point.

■ The *Maynard, William Penn*, and *Guttmann* cases all involved plaintiffs whose only meaningful remedy was recision, which is not the situation presented here. The Chenango defendants also cite *Robinson*, but neglect to focus on the relevant passage:

In the ordinary class action, the potential class contends that it has relied on a single written document or a number of interrelated documents that contained material misrepresentations or omissions. In such cases, once it is determined that the prospectus is fraudulent, questions of damages and reliance are easily resolvable.

*Robinson, supra*, at 58 F.R.D. 443. We think defendants' arguments are, in any case, premature, and that this case will need to develop further before the appropriate form of relief, if any, becomes apparent. In class actions, the Court has broad power to fashion the relief granted, thus providing protection for shareholders who might be adversely affected by the relief sought by the class plaintiff.

Defendants also present arguments against the adequacy of plaintiff's counsel. They argue that because plaintiff's counsel represented two other minority shareholders, Mr. and Mrs. Toman, who sought appraisal under state law, counsel should now be barred from representing the class sought to be certified. Defendants argue that in the course of representing the Tomans, plaintiff's counsel must necessarily have argued that the Proxy was not misleading. Defendants say that only by arguing that the Proxy was not misleading could the plaintiff's counsel have supported the Tomans' claim for more than the $4.00 per share offered to minority shareholders who did not wish to exchange their Chenango shares for convertible GAI securities. We are more persuaded by the argument advanced by plaintiff's counsel, who says that his representation of the Tomans was based not upon an allegation that the Proxy was misleading, but upon an allegation that the Tomans were not misled by the Proxy. We note that neither defendant cites any document wherein plaintiff's counsel puts forward the proposition that the Proxy is not misleading. This Court has reviewed the correspondence between the Tomans and Chenango Industries, appended to the affidavits of Joseph M. Stack and Robert J. Smith, respectively opposing and supporting class certification. Based on this review, we do not find plaintiff's counsel to be enmeshed in a conflict created by advocating that the Proxy was not misleading. We note in particular the Tomans' letter to Chenango Industries dated March 6, 1980, which reads in part "[i]t is impossible for us to tell whether the offering price is fair from the information furnished to us and we have serious doubt that the offering price is in fact fair. We feel that the information furnished is not complete, or even fully accurate." We fail to see how this correspondence characterizes the Proxy

as "not misleading." We find that there is no conflict of interest sufficient to bar plaintiff's counsel from representing the proposed class.

Cases cited by the defendants do not provide support for disqualifying plaintiff's counsel in the case at bar. In *Chateau DeVille Productions v. Tams-Witmark Music*, 474 F.Supp. 223 (S.D.N.Y.1979), for example, plaintiff's counsel was disqualified because he sought to represent both plaintiff and one of the defendant's co-conspirators in the same suit.

For the reasons discussed above, we are convinced that the four prerequisites of Rule 23(a) have been met, and we now turn toward the requirements of Rule 23(b).

**B. Rule 23(b) Questions.**

■ One of the three sub-parts of Rule 23(b) must be satisfied in order to maintain a class action. Although plaintiff's complaint contains a request for class certification under either Rule 23(b)(1)(A) or Rule 23(b)(3), the written submissions of the parties have concentrated on certification under Rule 23(b)(3), and it is certification under that part of the rule which we now consider. Rule 23(b)(3) reads:

> (b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subsection (a) are satisfied, and in addition: .
>
> . . . .
>
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include:
> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the

claims in a particular forum; (D) the difficulty likely to be encountered in the management of a class suit.

Rule 23(b)(3), Fed.R.Civ.P.

It is clear that common questions of law and fact are presented, since the alleged misrepresentations and omissions in the Proxy and the alleged violations of common law fiduciary duties relate to all investors. What is in dispute is whether these common questions predominate. As one commentator has noted, the most significant question is whether the representations made, and the question of reliance thereon, are not so divergent that common questions do not, in fact, predominate. 7A Wright & Miller, *Federal Practice and Procedure*, 90 (1972).

Plaintiff naturally argues that common questions of law and fact predominate, and that individual questions of reliance do not bar him from representing the class. Defendants argue that individual questions of reliance presented by the proposed class are too numerous, and that this individual plaintiff may not represent the class because of particular defenses to which he is especially vulnerable.

To show that the individual issues presented are too numerous, the defendants multiply the number of members in the proposed class [259] by the number of alleged misrepresentations and omissions [31] to come up with 8,029 individual questions. Defendants' arguments on this point is contradicted by case law in this Circuit. A similar argument was put forward by the defendants opposing class certification in *Korn v. Franchard*, 456 F.2d 1206 (2d Cir. 1972). In rejecting this argument, the Second Circuit stated:

> What remains is a claim that misrepresentations occurred in a certain written prospectus, mainly of omission but also of actual misstatements. The existence and materiality of these misrepresentations undoubtedly present significant common questions. We cannot say at this juncture that those common issues will be subordinated to reliance questions "affecting only individual members." The

line of prior decisions suggests, quite to the contrary, that the common questions predominate where, as here, there is a single written document charged with important omissions.

*Id.* at 1212. *See also Greene v. Emersons, LTD.,* 86 F.R.D. 47, 54 (S.D.N.Y.1980); *Sargent v. Genesco, Inc.,* 75 F.R.D. 79, 84 (M.D. Fla.1979); *Unicorn Field, Inc. v. Cannon Group, Inc.,* 60 F.R.D. 217, 220 (S.D.N.Y. 1973); *Benzoni v. Greve,* 54 F.R.D. 450, 453 (S.D.N.Y.1972). In light of this clear line of decisions, the Court concludes that common questions of law and fact predominate here, where a single written document forms the basis of the alleged wrong.

The next question is whether this individual plaintiff is barred from representing the class because of defenses peculiar to him. Defendants argue that Mr. Wilson's knowledge of the local business environment, his habit of reading the financial news, and his statement at the special stockholders' meeting of October 18, 1979, that the Proxy now at issue was "one of the clearer statements I had ever seen . . . ," Deposition of Alexander Wilson at 26, all open Wilson to unique defenses. Defendants also argue that this plaintiff will not be able to establish that he relied on the Proxy. This argument misconceives the role of reliance in cases involving material omissions of fact.

Regarding the issue of reliance, this Court is bound by the Supreme Court's decision in *Affiliated Ute Citizens of Utah v. United States,* 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972), where the Court stated:

Under the circumstances of this case, involving primarily a failure to disclose, positive proof of reliance is not a prerequisite to recovery. All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in the making of this decision.

*Id.* 92 S.Ct. at 1472. Defendants have not cited, nor have we found, any authority for the proposition that plaintiffs' status as a sophisticated investor makes the *Affiliated Ute* test inapplicable.

So far as plaintiff's statements regarding the clarity of the Proxy are concerned, at this stage we think it is sufficient to note that a statement may be both clearly stated and misleading.

We note in passing that defendants have argued against class certification of Courts III, IV and V of the complaint. Defendants' arguments are based on the common law of fraud. At this preliminary stage of the proceeding, we are not willing to rule out these counts, which alleged violations of federal laws and common law duties.

Cases offered by the defendants do not provide strong support for the argument that this plaintiff cannot be certified as a class representative because of special defenses to which he might be vulnerable. In the recent case of *Kline v. Wolf,* 88 F.R.D. 696 (S.D.N.Y.1980), three plaintiffs unsuccessfully sought to represent a class. The plaintiffs alleged a cause of action based on misrepresentations in an Annual Report, but the facts showed that the Annual Report could hardly have been a factor in plaintiffs' decision to purchase stock. The first plaintiff had begun buying stock before the Annual Report was even printed, contrary to his deposition testimony that he had seen the Annual Report prior to buying the stock. He continued to deal in the corporation's stock even after the corporation declared bankruptcy. A second plaintiff testified at her deposition, contradicting her complaint, that she purchased solely on the recommendations of her husband, the third plaintiff. The third plaintiff, like the first, offered contradictory testimony as to his reliance on the Annual Report. This pattern of blatantly contradictory testimony and clear non-reliance on the written document is not presented by the facts of the case at bar. In *Koos v. First National Bank of Peoria,* 496 F.2d 1162 (7th Cir. 1974), the plaintiffs were denied class certification because they alone were subject to statutory defenses. The cases of *Sicinski v. Reliance Funding Corp.,* 82 F.R.D. 730 (S.D. N.Y.1979); *Kraus v. Paterson Parchment Paper Co.,* 65 F.R.D. 368 (S.D.N.Y.1974); and *Zenith Laboratories v. Carter Wallace*

*Inc.*, 530 F.2d 508 (3rd Cir. 1976) may likewise be distinguished from the case before us.

A case that more closely tracks the facts before us, *Mersay v. First Republic Corp. of America*, 43 F.R.D. 465 (S.D.N.Y.1968), supports certification of the class. In *Mersay*, the plaintiff, a corporate insider, sought class certification in an action alleging violations of the federal securities laws. He attacked the prospectus as misleading, even though his name appeared on the prospectus and on promotional brochures. The court held that the unique defenses to which he was subject did not bar him from serving as a class representative. *See also, Schnorbach v. Fuqua*, 70 F.R.D. 424, 428 (S.D.Ga.1978). If the unique defenses available against a corporate insider whose name appears on the very prospectus whose accuracy he attacks is not barred from representing the class attacking the prospectus, we think the defenses against an assertedly informed investor will not suffice to bar that investor from serving as a class representative.

It remains to be determined whether the second part of the Rule 23(b)(3) test is met: whether the class action is the superior method of resolving this dispute. We are aware that in this case, the cost of appraising the value of Chenango Industries as of the time of the merger is likely to be high, and that the recoveries of individual plaintiffs are likely to be small in comparison. A similar situation presented itself in *Brady v. LAC, Inc.*, 72 F.R.D. 22 (S.D.N.Y.1976). In deciding to grant class certification the court said:

> It is also apparent that in actions such as the one here, where a large number of individuals may have been injured but no one individual may have been injured sufficiently to induce him to institute a suit on his own behalf, the class action device is a superior means for adjudication of the controversy.

*Id.* at 29. *See also Green v. Wolf*, 406 F.2d 291, 296 (2d Cir. 1968), *cert. denied*, 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969). We agree with the *Brady* court's reasoning, and conclude that in the circumstances presented by the case before us, the class action is indeed superior to other actions that might be brought.

The four factors offered for consideration under Rule 23(b)(3) have been reviewed. Since this is the only suit challenging the merger brought to date, there are no conflicts with other litigation already commenced, or with the interest of other class members in individually controlling the prosecution of separate actions. We are convinced that it is desirable to concentrate this litigation in one forum, because of the common issues presented. While any class action presents difficulties in management, this court has entertained more complex class actions than this, and so we are not willing to deny class certification because of complexity.

The requirements of Rule 23(a) and (b)(3) having been met, this case shall proceed as a class action.

The Court has reviewed plaintiff's proposed notice to the class, and finds it to be acceptable and in accordance with the requirements of Rule 23(c).

Accordingly, this matter should be and is hereby certified as a class action under Rule 23(b)(3) Fed.R.Civ.P., and the plaintiff is hereby ordered to mail a copy of the notice attached hereto to each and every individual who is listed in part 74(a) of plaintiff's answers to defendants' interrogatories and who was a shareholder of Chenango Industries on October 18, 1979.

IT IS SO ORDERED.

#### NOTICE

TO: CERTAIN FORMER HOLDERS OF COMMON STOCK OF CHENANGO INDUSTRIES, INC., WHO HELD STOCK ON OCTOBER 18, 1979:

NOTICE IS HEREBY GIVEN that Alexander D. Wilson, II, of 9 Vincent Street, Binghamton, New York, plaintiff, filed a lawsuit on October 17, 1980, against Great American Industries, Inc., Milton Koffman, Burton I. Koffman, Richard E. Koffman, Chenango Industries, Inc., Joseph M. Stack,

Gary Crounse, David Dyer, William Starner and Anthony Mincolla, as defendants, for violations of the Securities Act of 1933, the Securities Exchange Act of 1934 and violations of common law.

Mr. Wilson brings the action on behalf of himself and all others similarly situated. The complaint alleges that the defendants participated in the preparation and mailing of a proxy statement to Chenango Industries shareholders for the purpose of soliciting the approval of Chenango Industries shareholders for a merger of Chenango Industries, Inc., into Great American Industries, Inc. The plaintiff alleges that defendants defrauded the plaintiff class by making false statements of material facts and omitting to state material facts in the proxy statement with the intent to induce Chenango Industries shareholders to surrender their shares of Chenango Industries, Inc., for less than full and fair market value. Money damages are sought on behalf of Mr. Wilson and all other members of the class. Rescission of the merger of Chenango Industries and Great American Industries is requested as an alternative remedy to money damages if that remedy should prove more appropriate.

The defendants have been served and have appeared in this lawsuit. They filed answers which deny the allegations of the complaint and demand judgment dismissing the complaint. Reference is made to all pleadings for a complete statement of their allegations.

The class of plaintiffs on whose behalf this action has been brought is persons who were stockholders of Chenango Industries on October 18, 1979, exclusive of defendants.

On March 12, 1982, the United States District Court for the Northern District of New York directed that this case proceed as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure.

NOW, THEREFORE, TAKE NOTICE:

1. You will be deemed to be a part of this action and will be included in and bound by the judgment of this action whether favorable or unfavorable, unless on or before June 1, 1982, you file a written election to be excluded from the class of plaintiffs. If you wish to be deemed a part of this action, you need not reply to this Notice.

2. Your election to be excluded from the class should be in written form as follows:

The undersigned respectfully request to be excluded from the class action in the above case of *Alexander Wilson v. Great American Industries, Inc.,* et al.

I understand that by this request, I will not be entitled to share in the benefits of the judgment if it is favorable to the plaintiff, and that I will not be bound by the judgment rendered in this case if it is adverse to the plaintiff.

Dated:

_____

Your election to be excluded from the class should be addressed to:

Clerk, United States District Court for the Northern District of New York

United States Court House

100 S. Clinton Street

Syracuse, New York 13260

3. If you do not elect to be excluded from the class of plaintiffs, your interests will be represented by plaintiff Alexander Wilson and his attorneys, Coughlin & Gerhart, One Marine Midland Plaza, P. O. Box 2039, Binghamton, New York 13902, (607)723–9511. You may enter an appearance by separate counsel if you desire, and you will have all of the rights and obligations set forth in Rule 23 of the Federal Rules of Civil Procedure.