Robert MARKEWICH, as Trustee for Deborah Markewich, Plaintiff,

and

Curtis Delegard and Lloyd Anderson, Intervenor Plaintiffs,

v.

Robert A. ERSEK, Jerald H. Maxwell, Larry A. Rasmusson, A. Nicol Smith, Arvid B. Evensvold, and Lurie, Eiger, Besikof & Co., Defendants.

No. 80 Civ. 3247 (RWS)

United States District Court, S.D. New York.

Aug. 23, 1982.

Stull, Stull & Brody, New York City, for plaintiff and intervenor plaintiff; Richard J. Stull, Jules Brody, New York City, of counsel.

D'Amato & Lynch, New York City, for defendant Lurie, Eiger, Besikof & Co.; Dennis P. Costigan, New York City, of counsel.

Robins, Zelle, Larson & Kaplan, Minneapolis, Minn., Bigham, Englar, Jones & Houston, New York City, for defendant A. Nicol Smith; William P. Sullivan, Jr., New York City, Stephen H. Cohen, John B. Massopust, Minneapolis, Minn., of counsel.

Paskus, Gordon & Hyman, New York City, for defendant Robert A. Ersek.

Jerald H. Maxwell pro se.

Larry A. Rasmusson, pro se.

Moratzka, Dillon & Kunkel, Hastings, Minn., for defendant Arvid B. Evensvold.

## OPINION

SWEET, District Judge.

Delegard seeks to represent the class of individuals who purchased Med General stock between April 24, 1978 and November 19, 1979 in reliance on Med General's financial statements disseminated to the public. The depositions and affidavits submitted establish that on May 11 and May 15, 1979 Delegard purchased a total of 1,000 shares of the stock for $15,000. Thereafter on October 4, 1979 he sold 500 shares at $5.25 per share and the remaining 500 shares on August 4, 1980 for $.25 per share.

■ Certification pursuant to Rule 23(b)(3) initially requires consideration of the four requirements of Rule 23(a), namely, numerosity of the class members, commonality of questions of law and fact, typicality of the claim and adequacy of representation. This analysis is followed by consideration under Rule 23(b)(3) of whether the common questions predominate and whether, under the circumstances, the class action is superior to other forms of litigation. Although the numerosity[1] and commonality[2] requirements appear to be established once again serious questions have been raised as to the typicality of his claims.

There is deposition evidence to establish the following relationships. Bruce Hendry ("Hendry") of the brokerage firm of Craig Hullum, Inc. recommended the purchase of Med General stock to Delegard in a telephone conversation one to two weeks prior to the purchase. Although Delegard acted on Hendry's buy recommendations approximately 10% of the time, the two had been friends since they attended college together in 1963 and Hendry was well acquainted with the Delegard family, having performed gift tax and estate planning services for the Delegards. Hendry was closely connected with Med General and many of its officers and directors, in particular with Maxwell, the "salesman" of the company. Hendry had performed estate planning services for Maxwell and thus had become well acquainted with Maxwell's financial situation, including the fact that Maxwell's assets and income prospects were tied to the future performance of Med General. In connection with discussions concerning Maxwell's financial planning Maxwell and Hendry also discussed Med General matters including the feasibility of instituting a profit sharing plan for the company and its effect on Maxwell's financial situation. Hendry also purchased insider lettered stock from Ersek and frequently participated in functions and gatherings of the officers of Med General.

Hendry had ready access to Med General and its officers, he frequently visited the company's offices and often was free to circulate throughout the offices without waiting with the receptionist. Delegard was aware of Hendry's connection with Maxwell and Med General.

■ Although the effect on the market of false financial statements may under some circumstances be sufficient to establish reliance, *Ross v. A.H. Robins Co.*, 607 F.2d 545, 533 (2d Cir.1979), *cert. denied*, 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980); *Blackie v. Barrack*, 524 F.2d 891, 901–07 (9th Cir.1975), *cert. denied*, 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976); *Dura-Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87 (S.D.N.Y.1981), Delegard may be

---

1. It is claimed that 2,587,500 shares of Med General were traded during the period in question, thereby indicating, absent allegations to the contrary, that joinder of all the affected shareholders would be impracticable. *See e.g., Korn v. Franchard Corp.*, 456 F.2d 1206, 1209 (2d Cir.1972). Moreover, individual claims would be sufficiently small to preclude the shareholders from asserting their claims absent a class suit. *Swanson v. American Consumer Industries, Inc.*, 415 F.2d 1326, 1333 n. 9 (7th Cir.1969).

2. The requirement that there be "questions of law or fact common to the class," Fed.R.Civ.P. 23(a)(2), does not require that all questions of law or fact be common. *Gordon v. Forsyth County Hospital Authority, Inc.*, 409 F.Supp. 708, 717 (M.D.N.C.1975), *aff'd in part, rev'd in part*, 544 F.2d 748 (4th Cir.1976). It is established by the common questions of a fraud on the market. *See Greenspan v. Brassler*, 78 F.R.D. 130, 132 n. 4 (S.D.N.Y.1978); *Hawk Industries, Inc. v. Bausch & Lomb, Inc.*, 59 F.R.D. 619, 623 (S.D.N.Y.1973).

uniquely subject to the claim that his decision was based upon the recommendation of his broker who was privy to inside information and the victim of misrepresentations other than those contained in the financials. The financial statements may have played an insignificant role in Delegard's decision-making process in light of the Hendry recommendation. Thus Delegard's claim is atypical and renders him an inadequate representative of the class. This has been deemed sufficient to rebut a putative representative's claim of typicality in a market fraud case. *See e.g., Panzirer v. Wolf,* [1980 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 97,363 (S.D.N.Y.1980), *aff'd in part, rev'd in part on other grounds,* 663 F.2d 365 (2d Cir.1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 3486, 73 L.Ed.2d 1368 (1982); *In re LTV Securities Litigation,* 88 F.R.D. 134, 151 (N.D.Tex.1980). As in *Greenspan v. Brassler,* 78 F.R.D. 130, 132 n. 6 (S.D.N.Y. 1978), the investment decision may have been based on considerations other than the financial statements and the likelihood of these issues being raised and extensively litigated unnecessarily burdens the class.

> The members of the class are entitled to representatives unencumbered by "unique defenses."
>
> .    .    .    .    .
>
> [T]he unique defenses to which each plaintiff is subject, could become, as they clearly have, the focus of the litigation and upon trial, divert attention from the substance of the basis claim. The remaining members of the class could be severely damaged by plaintiffs' representation of them.

*Kline v. Wolf,* 88 F.R.D. 696, 699–700 (S.D. N.Y.1981).

Indeed, it is difficult to distinguish the questions concerning Delegard's typicality from those presented with respect to Markewich. The possibility of the decision to purchase being based on an individual's unique information, rather than the financial statements or the market's reaction to those statements, precludes Delegard, as it did Markewich, from adequately advancing the claims of the class.

The motion for class action certification is hereby denied.

IT IS SO ORDERED.