Norman KAMERMAN, as Executor of the Estate of David Kamerman, deceased, Plaintiff,

v.

OCKAP CORPORATION, Dealers Underwriters of New Jersey, Inc., Madeline Colasurdo, Lewis Colasurdo, and Pakco Companies, Inc., Defendants.

No. 81 Civ. 2977 (SWK).

United States District Court, S.D. New York.

Sept. 23, 1986.

Avrom S. Fischer, Brooklyn, N.Y., for plaintiff.

Tucker, Gellman & Mulderig, P.C., New York City (Michael J. Kopcsak, Theresa Koncelik, Edward V. Finn, of counsel), for defendants.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Plaintiff Norman Kamerman seeks to maintain a class action against Ockap Corporation ("Ockap"), Dealers Underwriters of New Jersey, Inc. ("Dealers"), Madeline Colasurdo, Lewis Colasurdo and Pakco Companies, Inc. ("Pakco") (together, "defendants") under Federal Rules of Civil Procedure Rule 23(b)(1), (2) and (3) on behalf of all persons who were stockholders of Pakco immediately prior to its merger into Ockap in 1977. This action was originally brought by David Kamerman, now deceased, Norman Kamerman's father. By order dated January 7, 1986, this Court substituted Norman Kamerman, as executor of the estate of David Kamerman, as the named plaintiff. Plaintiff now seeks to have this Court certify a class of plaintiffs with himself, as executor of the estate of David Kamerman, as named representative of the class.

Prior to its merger into Ockap, Pakco's shares were publicly traded on the over-the-counter market. In addition, approximately 40 percent of Pakco's shares were held by the Colasurdos or entities controlled by them. In December 1977, the shareholders of Pakco were solicited and approved the merger of Pakco into Ockap, a privately held company owned by Lewis and Madeline Colasurdo and two corporations allegedly owned by them, Dealers and Lewmad Corporation. As a consequence of this merger, all publicly held shares of Pakco, which were then trading at $1 per share, were redeemed for $2.50 per share. David Kamerman who, at that time, was the owner of 610 Pakco shares, abstained from the vote. Plaintiff alleges that the proxy statement used to solicit shareholder approval of the merger was false and misleading and constituted a fraud on the market in violation of Sections 10(b) and 14 of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and § 78n, and Rule 10b–5, 17 C.F.R. § 240.10b–5 promulgated thereunder. Plaintiff further alleges that defendants breached various common law fiduciary duties owed by defendants to plaintiff and other Pakco shareholders.

Class certification questions, including the adequacy of a class representative, is a matter committed to the sound discretion of the district court. *Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590 (2d Cir.1986). The Court has examined numerous affidavits and memoranda submitted by the parties and finds that, under the totality of the circumstances present in this action, the named class representative will not fairly and adequately protect the interests of the purported class as required by Rule 23(a)(4). Plaintiff's motion for class certification is therefore denied.

■ The Court bases its decision on a number of grounds. The proposed class representative is the estate of David Kamerman as represented by its executor, Norman Kamerman. The executor "stands in the shoes" of the decedent: that is, if the Court would have found David Kamerman to be an improper representative, then the Court must find the executor of his estate improper. *Maddox & Starbuck, Ltd. v. British Airways*, 97 F.R.D. 395 (S.D.N.Y. 1983); *In Re Estate of Young*, 81 Misc.2d 920, 367 N.Y.S.2d 717 (Surr.Ct.1975).

■ Although David Kamerman stated that his claims and interests in this litigation are identical to those of other Pakco shareholders, it appears from the papers submitted to the Court that David Kamerman had a long-standing antagonism toward defendants and a history of prosecution against them. In September 1976, David Kamerman brought a derivative action against Pakco and Lewis Colasurdo, demanding that Pakco immediately require the repayment of a debt owed it by Dealers, that Pakco's 1974 exchange offer be declared invalid, and charging that the elections of Pakco directors in 1972 through 1976 violated Section 14(a) of the Securities

Exchange Act of 1934. These causes of action were dismissed for failure to state a claim and for mootness.

The Pakco-Ockap merger was proposed while these actions were pending. At that time, David Kamerman and his lawyer spent many hours reviewing various public records, until they located the facts which constitute the alleged omissions in this action. David Kamerman did not make these facts available to the other shareholders. Rather, he abstained from voting his shares in the merger vote, and soon after the merger was approved, filed this present suit.

In his complaint, David Kamerman reasserted those causes of action which were dismissed in his first litigation, prompting the judge before whom this case was originally brought to comment on Kamerman's unduly antagonistic attitude toward defendants.

In addition, between 1969 and 1974, Pakco received numerous letters from a dissenting shareholders group, led by Ira Kaplan, criticizing various actions taken by Pakco and threatening litigation. Mr. Kaplan published a notice in the *Wall ·Street Journal* on November 26, 1969, scheduling a meeting of disgruntled Pakco shareholders at the offices of "our attorneys and certified accountants Kamerman & Kamerman", the law firm founded by David Kamerman. David Kamerman denied knowledge of this advertisement; however, he admitted to a prior business relationship with Mr. Kaplan and was at a loss to explain the use of his name in the advertisement.

While the law is clear that a plaintiff's small personal animus is insufficient to render an otherwise qualified class representative inappropriate, an unduly antagonistic litigant, or a litigant who bears a grudge against the defendant is not an appropriate class representative. *Wilson v. Great American Industries, Inc.,* 94 F.R.D. 570, 572 (N.D.N.Y.1982); *Rossini v. Ogilvy & Mather, Inc.,* 80 F.R.D. 131, 135 (S.D.N.Y.1978), *rev'd on other grounds,* 798 F.2d 590 (2d Cir.1986). "[P]reoccupa-

tion with peculiar retaliatory wrongs allegedly done to one may well make such a person an inadequate representative of the class." *Sheehan v. Purolator, Inc.,* 103 F.R.D. 641, 652 (S.D.N.Y.1984).

Although the record before the Court does not reveal the basis for David Kamerman's grudge against defendants, its existence is evident. For at least 10 years, David Kamerman has been involved in various disputes with defendants. Indeed, on his deathbed, David Kamerman swore his two sons, the executors of his estate, to continue this litigation. While Kamerman may have quite legitimate reasons for his antagonistic stance, it is not an appropriate attitude for a class representative:

> [A]ny such personal vendetta intrudes unavoidably upon the fiduciary duty of the class representative.... Besides the oft quoted duty of a class representative to prosecute the action vigorously, he also has the duty to use wise judgment in negotiating and approving a fair and proper settlement at the right time. While the Court can impose a settlement, this power should be exercised sparingly, and where animus exists, it is likely to be or to become mutual. *Norman v. Arcs Equities Corp.,* 72 F.R.D. 502, 506 (S.D. N.Y.1976).

It is conceivable that Mr. Kamerman's long family history of prosecution of these defendants would override his amenability to negotiating with defendants, although beneficial to the class. This Court cannot find that a plaintiff motivated by spite, or a grudge, will "fairly and adequately protect the interests of the class". Rule 23(a)(4).

Moreover, plaintiff does not meet the typicality prerequisite of Rule 23(a)(3) in that there are unique defenses which can be asserted against plaintiff which might unnecessarily prejudice the class. *See e.g., Kline v. Wolf,* 88 F.R.D. 696, 698–99 (S.D. N.Y.1981), *aff'd in part, rev'd in part on other grounds,* 702 F.2d 400 (2d Cir.1983); *Greenspan v. Brassler,* 78 F.R.D. 130, 132 (S.D.N.Y.1978). David Kamerman's admission that he learned of the alleged omis-

sions and misstatements of fact before the merger vote and therefore did not rely on the representations in Pakco's proxy statement subjects plaintiff to unique defenses, and plaintiff cannot, therefore, satisfy the typicality requirement.

■ The general rule in the Second Circuit is that individual questions of reliance are not appropriate in determining whether class action status is proper, and thus are not sufficient to defeat class certification. *Korn v. Franchard Corp.*, 456 F.2d 1206, 1212 (2d Cir.1972). Moreover, reliance is presumed in cases alleging omissions or fraud on the market. *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 153–54, 92 S.Ct. 1456, 1472, 31 L.Ed.2d 741 (1972); *Barnes v. Osofsky*, 373 F.2d 269, 272 (2d Cir.1967); *Unicorn Field, Inc. v. Cannon Group, Inc.*, 60 F.R.D. 217 (S.D.N.Y.1973). However, where as here, a proposed class representative did not rely on the allegedly misleading proxy statement or on the integrity of the market, the proposed representative is subject to unique defenses and may not represent the class. *In re AM Intern., Inc. Secur. Litigation*, 108 F.R.D. 190, 194–95 (S.D.N.Y. 1985); *Markewich v. Ersek*, 98 F.R.D. 9, 11 (S.D.N.Y.1982); *Greenspan v. Brassler, supra,* at 132.

Defendants also argue that plaintiff, as an executor of David Kamerman's estate, is not an appropriate class representative. Defendants point out that in those cases which allowed an executor to maintain an action as a class representative, other factors were controlling, such as the presence of other class representatives or the significance of the claim to the total assets of the estate. *See Clark v. Cameron-Brown Co.*, 72 F.R.D. 48 (M.D.N.C.1976); *Miller v. Alexander Grant & Co.*, [1971–72 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 93, 287 (E.D.N.Y.1971). Defendants further note that David Kamerman's estate is valued at approximately $65,000 and that plaintiff's total recovery would be unlikely to exceed $2000.

■ The Court recognizes that despite the potential conflict of interest between an executor's fiduciary duties to the estate and a class representative's duties to the class, there is no general rule in this Circuit prohibiting an executor from being named class representative. This is particularly true where, as here, the estate's beneficiaries have each agreed to the maintenance of the class action and the action was initiated by the deceased. *See In re Independant Gasoline Antitrust Litigation*, 79 F.R.D. 552, 557 (D.Md.1978). However, the circumstances surrounding this litigation—plaintiff's antagonism to the defendants, the atypicality of his claim, the absence of other class representatives, and indeed, the lack of any interest displayed by other potential litigants—make this an inappropriate action in which to allow the executor to proceed as class representative.

For the reasons discussed above, the Court declines to certify Norman Kamerman as the named representative in the proposed class action.

SO ORDERED.